FILED

14 JUN -4 PM 2:51

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY　DG　DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 10cr2242 JM |
|---|---|
| Plaintiff, | ORDER DENYING MOTION TO RECALL OR VACATE A LODGED DETAINER |
| vs. | |
| FRANCISCO ARNULFO GIRON | |
| Defendant. | |

Defendant, presently incarcerated by the California Department of Corrections pursuant to a state conviction, moves to vacate or recall a detainer lodged by the U.S. Marshal Service for violation of the terms of supervised release in this case. On or about February 4, 2011 this court accepted Defendant's guilty plea to four counts of mail and wire fraud arising from a scheme to defraud banks and lending institutions by submitting false and fraudulent home mortgage applications for unqualified or under-qualified borrowers. On or about June 6, 2011, Defendant was sentenced to 21 months in custody and three years supervised release.

The court denies Defendant's motion to recall or vacate the lodged detainer. While a federal detainer has been lodged against Petitioner, he is not presently in custody on the warrant for a supervised release violation. Rather, Defendant is in custody pursuant to a sentence imposed in a separate state case. Consequently, Federal Rule of Criminal Procedure 32.1 does not apply to Defendant. Further, Defendant

1  cannot demonstrate any prejudice if the revocation hearing is conducted after he
2  completes the sentence imposed in the California case because the delay in the
3  revocation hearing is due solely to his own conduct. See United States v. Wickham,
4  618 F.2d 1307 (9th Cir. 1979).
5      In sum, the motion to recall or vacate the lodged detainer is denied.[1]
6  **IT IS SO ORDERED.**
7  DATED: _June 4_, 2014

                                          JEFFREY T. MILLER
                                          United States District Judge

10  cc:    All parties

---

[1] The court notes that it is unclear from Defendant's submission whether the state conviction arose from the same underlying conduct as in this case. In any event, once Defendant is in federal custody and has counsel, the matter will be swiftly resolved.